Sucrs. de Alejo Llul & Cía., S. en C., peticionaria, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 954.—*Sometido:* Marzo 19, 1934. *Resuelto:* Marzo 29, 1934.

*Guillermo Estrella,* abogado de la peticionaria; *José Sabater,* abogado del demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La demandante inició en la Corte Municipal de Mayagüez un pleito en cobro de no más de cien dólares. Se adhirió a la demanda un sello de rentas internas por valor de un dólar, según exige la sección 3 de la "Ley estableciendo juicios especiales en las cortes municipales de Puerto Rico, y para otros fines," aprobada el 29 de abril de 1921. (Leyes de ese año, pág. 103.) El secretario, actuando en consonancia con la sección 3, canceló el sello, y, estimando el juez municipal que el caso caía dentro de las disposiciones de la ley de 1921, ordenó que se expidiera la citación conforme provee la sección primera de dicha ley. Esta orden estaba fechada el 12 de enero de 1934 y en ella se fijaba el 15 de enero como el día en que el demandado debía comparecer y contestar. El emplazamiento fué notificado el 13 de enero. El demandado, por su abogado, compareció y contestó en enero 15, según exigía el emplazamiento, sin suscitar en aquel entonces objeciones de clase alguna respecto al procedimiento seguido. La corte, a instancia de la demandante, señaló entonces el caso para juicio. Esto también se hizo de acuerdo con las disposiciones de la ley de 1921, sin la formalidad de señalar el caso primero en el calendario ordinario. El día anterior al señalado para el juicio, el demandado, por su abogado, radicó una moción para que se eliminara la demanda de los autos y para que se desestimara el recurso por falta de jurisdicción, toda vez que la demanda estaba redactada en la forma ordinaria prescrita por el Código de Enjuiciamiento Civil y la demandante solamente había cancelado un sello de rentas internas de un dólar, tal cual si la acción fuese una autorizada por la ley de 1921. El juez municipal declaró sin lugar esta moción y luego de celebrarse un juicio sobre los méritos dictó sentencia a favor de la demandante. El demandado apeló y reprodujo su moción en la corte de distrito.

El argumento tanto en la corte municipal como en la de

distrito fué que el procedimiento simplificado prescrito por la ley de 1921 no podía ser adoptado y seguido en ausencia de algo en la demanda que indicara el deseo de parte de la demandante de seguir este curso. El juez de distrito estuvo conforme con este criterio, y, toda·vez que el Código de Enjuiciamiento Civil exige la cancelación de la suma de tres dólares en sellos de rentas internas al archivarse la demanda en un procedimiento ordinario, desestimó la causa por falta de jurisdicción.

El fin obvio de la ley de 1921 fué eliminar detalles técnicos de procedimiento, y proveer un método procesal rápido y eficaz para aquellos casos en que la cuantía envuelta no excediera de cien dólares. El hecho de que la cantidad que aquí se trató de recobrar no excedía de cien dólares, y el de que la demandante había adherido a su demanda un sello de un dólar en vez de sellos por valor de tres dólares, fueron suficientes para justificar al secretario y al juez de la corte municipal en asumir que la demandante había elegido e intentado seguir el remedio y el curso de procedimiento prescritos por la ley de 1921. El demandado mismo al principio se avino a este criterio al comparecer y contestar, tal como exigía el emplazamiento, dentro de dos días después de notificado. La demandante entonces ratificó el procedimiento que había sido seguido hasta ese punto, solicitando que el caso fuese señalado inmediatamente para juicio. La moción del demandado para que se eliminara la demanda y se archivara el caso por falta de jurisdicción, a base de la teoría de que el caso no caía dentro de las disposiciones de la ley de 1921, quizá pudo haber merecido más consideración de la que recibió en la corte municipal si se hubiese presentado en el momento en que el demandado contestó, o antes. Habiéndose presentado en el curso del juicio, ya el caso se había convertido, de no serlo originalmente, en uno que debía ventilarse de conformidad con las disposiciones de la ley de 1921.

El juez municipal no cometió error al declarar sin lugar la moción. El juez de distrito debió igualmente haber dene-

gado la misma y haber procedido a celebrar el juicio *de novo* en armonía con las disposiciones de la ley de 1921.

*Debe revocarse la sentencia objeto de este recurso y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*